**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| ADRIENNE TUCKER | CIVIL ACTION NO. 17-1536 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TARGET CORPORATION OF MINNESOTA | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Target Corporation of Minnesota's ("Target") Motion for Summary Judgment and/or Motion *in Limine* to Exclude Plaintiff's Spoliation of Evidence Claim. See Record Document 19. Plaintiff Adrienne Tucker ("Plaintiff") opposes the motion. See Record Document 23. Target seeks dismissal of all of Plaintiff's claims. For the reasons set forth below, Target's motion is hereby **GRANTED**.

**I.   BACKGROUND**

On September 9, 2016, Plaintiff reported a slip incident to Target through one of its employees from her automobile in the Target store parking lot. See Record Document 19-3 at 1. Plaintiff alleges that she slipped on a wet substance that was on the floor of Target's store after leaving the restroom. See id.; Record Document 23 at 6. Plaintiff also states that she did not see the substance before her slip and did not know how long it was present on the floor before her slip. See Record Document 23 at 12. Furthermore, she stated that she did not know how the substance came to be on the floor and that it did not have any tracks or "buggy marks" in it. See Record Document 19-3 at 1.

Plaintiff testified in her deposition that although she did not know how long the liquid had been on the floor, she did know that from the time she exited Target's restroom until the time she slipped "some 20 to 30 seconds later," she saw no one spill any

substance onto the floor. See Record Document 23 at 12. After the incident, Katon Bethay ("Bethay"), one of Target's store team leaders, spoke with Plaintiff from her car outside and completed an incident report, which Bethay testified he then dropped off to Target's asset protection department. See id. at 7; Record Document 19-2 at 4–5. An employee from that department later reviewed several hours of footage and pulled video of what was believed to be the described incident involving Plaintiff. See id. at 5. While the employee testified that the video pulled was the only footage she was able to find that resembled the incident, see id., Plaintiff states that she is not the woman seen in the video and alleges that Target has intentionally destroyed the footage of her incident, see Record Document 23 at 9.

On October 13, 2016, Plaintiff sent a letter of representation to Target requesting preservation of video footage. See Record Document 19-3 at 2. It is undisputed that Target's video system only preserves video that was not copied for a period of 5 to 30 days, depending on the camera. See id. On April 28, 2017, Plaintiff filed a petition in the First Judicial District Court, Caddo Parish, Louisiana, which was subsequently removed to this Court. See Record Document 1-7 at 9.

## II. LAW AND ANALYSIS

### A. Spoliation of Evidence Claim

The Court first addresses Target's motion *in limine* to exclude Plaintiff's spoliation of evidence claim in which she maintains that Target intentionally destroyed evidence of Plaintiff's slip by allegedly not preserving video of the incident from its cameras. See Record Document 1-7 at 7–8. Target's motion for summary judgment is addressed below in Section II.C., infra.

A party asserting a spoliation of evidence claim must show: (1) a duty existed to preserve the evidence due to litigation or the reasonable expectation of litigation; (2) the evidence was destroyed (or concealed); (3) the destruction was intentional; (4) the destroyed evidence was relevant; and (5) the unavailability of the destroyed evidence resulted in prejudice. See In re Actos (Pioglitazone) Prods. Liability Litig., No. 11-2299, 2014 WL 2921653, at *23 (W.D. La. Jun. 23, 2014). Generally, a party's duty to preserve evidence arises when a party knew or should have known of the potential for future litigation. Dixon v. Greyhound Lines, Inc., No. 13-0179, 2014 WL 6087226, at *3 (M.D. La. Nov. 13, 2014) ("The future litigation must be probable, which has been held to mean more than a possibility."); see also Putscher v. Smith's Food & Drug Centers, Inc., No. 13-1509, 2014 WL 2835315, at *7 (D. Nev. Jun. 20, 2014) (rejecting plaintiff's argument that store's "duty to preserve surveillance footage of the slip and fall arose when Smith's completed an incident report").

In this case, the Court finds that Plaintiff's spoliation of evidence claim must be dismissed for failing to meet the first element referenced above because she has not shown that Target was under any duty to preserve the alleged video of the incident. Further, Target did not receive notice from Plaintiff regarding the potential litigation until October 13, 2016, which was over 30 days from the incident. See Record Document 19-3 at 1–2. While Target attempted to retrieve the requested video, its video system did not preserve video for a period longer than 30 days. See id. at 2. Thus, even if Target had a duty to preserve that arose when Plaintiff sent it notice on October 13, its video system likely no longer stored Plaintiff's requested footage. Such facts do not warrant a finding by this Court that Target intentionally destroyed evidence of Plaintiff's slip. See Patrick v.

Tractor Supply Co., No. 16-10755, 2017 WL 396301, at *6 (E.D. La. Jan. 30, 2017) (finding that "[d]efendant's failure to retain the footage was not the result of a directed action to delete the information but rather a failure to stop the automatic deletion process [and that] [s]uch action, at best, amounts to negligence and does not rise to the level of bad faith"). Because Plaintiff has not shown she can prove at trial the existence of an element essential to her claim, see In re Actos, 2014 WL 2921653, at *23, Plaintiff's spoliation of evidence claim must therefore fail as a matter of law.

### B. Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010).[1] A genuine dispute of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. See Geoscan, Inc. of Texas v. Geotrace Techs., Inc., 226 F.3d 387, 390 (5th Cir. 2000). During this stage, courts must look to the substantive law underlying the lawsuit in order to identify which facts are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof [at trial]." See Patrick v. Ridge, 394 F.3d 311, 315 (5th

---

[1] The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (2010) (emphasis added).

Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986)). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

In reviewing a motion for summary judgment, the court is to view "the facts and inferences to be drawn therefrom in the light most favorable to the non-moving party." Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp., Inc., 292 F.3d 471, 478 (5th Cir. 2002); Harris v. Serpas, 745 F.3d 767, 771 (5th Cir. 2014). The court should not, however, in the absence of any proof, presume that the nonmoving party could or would prove the necessary facts. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

### C. Constructive Notice Under the Merchant Liability Statute

Plaintiff asserts a claim against Target under Louisiana Revised Statutes Section 9:2800.6, otherwise known as the "Merchant Liability Statute," which governs a merchant's imposition of liability for a patron's injury resulting from a slip and fall. See, e.g., Guillaume v. Brookshire Grocery Co., 50,745 (La. App. 2d Cir. 6/29/16), 198 So. 3d 204, 207. The statute places a heavy burden of proof on plaintiffs in claims against a merchant for damages. See Ferlicca v. Brookshire Grocery Co., 50,000 (La. App. 2d Cir.

9/4/15), 175 So. 3d 469, 472. In order for a plaintiff to prevail in his negligence claim, he must satisfy the burden of proof provided in the statute as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6.[2] In addition to proving each of the above elements, a plaintiff must come forward with positive evidence[3] showing the damage-causing condition existed for some period of time, and that such time was sufficient to place a merchant defendant on notice of its existence. See Williams-Ball v. Brookshire Grocery Co., 50,722 (La. App. 2d

---

[2] Failure to prove any of the requirements enumerated in the statute will prove fatal to the plaintiff's case. See Harrison v. Horseshoe Entertainment, 36,294 (La. App. 2d Cir. 8/14/02), 823 So. 2d 1124, 1128.

[3] Furthermore, a defendant merchant is not required to make a positive showing of the absence of the existence of the condition prior to the fall. See Peterson v. Brookshire Grocery Co., No. 16-1646, 2017 WL 5147615, at *3 (W.D. La. Nov. 6, 2017) (quoting White v. Wal-Mart Stores, Inc., 97-393 (La. 9/9/97), 699 So. 2d 1081, 1084).

Cir. 6/29/16), 198 So. 3d 195, 200 (citing White v. Wal-Mart Stores, Inc., 97-393 (La. 9/9/97), 699 So. 2d 1081). Moreover, "mere speculation or suggestion" does not give the court cause to infer constructive notice and thus deny summary judgment "where plaintiff's allegations are 'no more likely than any other potential scenario.'" See Davis v. Target Corp. of Minnesota, No. 11-0802, 2012 WL 3158875, at *3 (E.D. La. Aug. 3, 2012) (quoting Bagley v. Albertsons, Inc., 492 F.3d 328, 330 (5th Cir. 2007) (quotations omitted)). "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." Kennedy v. Wal-Mart Stores, Inc., 98-1939 (La. 4/13/99), 733 So. 2d 1188, 1191.

The primary issue in dispute here relates to the constructive notice requirement under the statute, specifically whether Plaintiff has shown she can satisfy the "temporal" element. See Record Document 23 at 11; Record Document 26 at 1. Target maintains that she cannot and points to Plaintiff's lack of factual support regarding where the alleged liquid substance came from or how long it existed before the slip. See Record Document 19-2 at 9. Plaintiff argues in response that her testimony stating that she saw no one spill any substance onto the floor during the 20 to 30-second time period between when she exited the restroom and when she slipped is sufficient circumstantial evidence that the substance was on the floor for at least that period. See Record Document 23 at 12.

In this case, the Court finds that Plaintiff's evidence is insufficient to raise a genuine dispute of material fact as to whether Target had constructive notice of the alleged substance at issue. Plaintiff admitted in her deposition that she did not know how long the substance had been on the floor and that she did not see the substance until after she

slipped. See Record Document 26 at 1; Record Document 23 at 12. Further, Plaintiff has not offered any evidence regarding how long the substance existed before she slipped other than her own testimony, such as possible eyewitness testimony from other customers or any of Target's employees. See Record Document 23 at 12. While Plaintiff argues that the fact that she saw no one spill any substance onto the floor as she was exiting the restroom before she slipped is sufficient to meet her burden as to the temporal element, see id., the Court finds that the applicable caselaw requires more than what Plaintiff offers here. Plaintiff's reliance on the fact that she saw no one spill any substance onto the floor for her assertion that the substance existed for at least that period amounts to, "without additional supporting evidence," Plaintiff's own speculation and does not prove the existence of the spill. See White v. Wal-Mart Stores, Inc., 97-393 (La. 9/9/97), 699 So. 2d 1081, 1086–67. Furthermore, the cases have rejected such attempts by claimants for failing to offer positive evidence of the condition, holding that the "absence of evidence [of the spill] cannot [sic] support the claimant's cause of action." See id. at 1086; see also Johnson v. Wal-Mart Stores, Inc., No. 13-0535, 2014 WL 7359051, at *6 (M.D. La. Dec. 23, 2014) (citing Babin v. Winn-Dixie Louisiana, Inc., 00-78 (La. 6/30/00), 764 So. 2d 37).

Plaintiff cites to the case of Carter v. Zurich Am. Ins. Co., No. 11-0125, 2012 WL 702270 (M.D. La. Mar. 1, 2012), in support of her position because that case involved a similar time period as that here between the alleged spill and Plaintiff's slip. However, the Court finds that case distinguishable from the present facts for the same reasons the Eastern District of Louisiana did when it was presented with the identical argument in Davis v. Target Corp. of Minnesota, No. 11-0802, 2012 WL 3158875 (E.D. La. Aug. 3,

2012). The Davis court noted that the court in Carter had placed emphasis on the fact that two employees had been standing next to and facing the spill location at the time of the plaintiff's slip. See Davis, 2012 WL 3158875, at *4 (citing Carter, 2012 WL 702270). In contrast, the instant case does not involve "the immediate proximity of the employees to the fall" that was present in Carter and is thus distinguishable from the facts here. See id. For this reason and those stated above, Plaintiff's claim under Louisiana Revised Statutes Section 9:2800.6 cannot survive summary judgment and thus must be dismissed.

## III. CONCLUSION

Based on the foregoing reasons, Target's Motion for Summary Judgment and/or Motion *in Limine* to Exclude Plaintiff's Spoliation of Evidence Claim (Record Document 19) is **GRANTED** and all of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of February, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT